# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| CESAR ISMAEL HERNANDEZ, ) | | |
| ID # 45564-177, ) | | |
| Movant, ) | No. 3:16-CV-1891-D (BH) | |
| vs. ) | No. 3:12-CR-408-D (1) | |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
| Respondent. ) | Referred to U.S. Magistrate Judge | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence should be **DENIED** as meritless.

## I. BACKGROUND

Cesar Ismael Hernandez ("Movant"), a federal prisoner, challenges his conviction and sentence in Cause No. 3:12-CR-408-D (1). (*See* doc. 2.)[1]

Movant pleaded guilty to conspiracy to possess with the intent to distribute a controlled substance. (*See* doc. 201.) The United States Probation Office prepared a Presentence Report (PSR), applying the 2012 United States Sentencing Guidelines Manual (U.S.S.G.). (*See* doc. 117 at 9.) The PSR recommended a two-level increase to Movant's offense level because he possessed a dangerous weapon during his drug offense. *See* U.S.S.G. § 2D1.1(b)(1) (adding two offense levels "if a dangerous weapon (including a firearm) was possessed" during the drug offense). The Court adopted the PSR and sentenced Movant to 262 months' imprisonment with a 5-year term of supervised release. (*See* doc. 202.) It later reduced the sentence to 212 months in light of an

---

[1] Unless otherwise indicated, all subsequent document numbers refer to the docket number assigned in the underlying criminal action, 3:12-CR-408-D (1).

amendment to the sentencing guidelines. (*See* doc. 202.)

Movant now claims that U.S.S.G. § 2D1.1(b)(1) is unconstitutional in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

## II. *JOHNSON V. UNITED STATES*

In *Johnson*, the Supreme Court held that the imposition of an increased sentenced under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), (2)(B), violates the Constitution's guarantee of due process because it is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The holding of *Johnson* is retroactively available on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016).

Movant was not convicted under the ACCA, and that is not that the statute that he challenges here. Rather, he seeks to extend *Johnson* to U.S.S.G. § 2D1.1(b)(1). (*See* doc. 3 at 4 ("[Movant] therefore asks this Court to include [U.S.S.G. §] 2D1.1(b)(1) and (2) in that reasoning and extend *Johnson* to apply to it with equal force.").) His claim is foreclosed by *Beckles v. United States*, 137 S. Ct. 889, 892 (2017), however. In *Beckles*, the Supreme Court held that unlike the criminal statute at issue in *Johnson*, "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." 137 S. Ct. at 892; *see also United States v. Martinez*, 682 F. App'x 304, 304 (5th Cir. 2017) (*Beckles* "squarely held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process clause."). There is no merit to Movant's sole claim for relief.

## III. RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED this 7th day of November, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE